McKinney, J.,
delivered the opinion of the Court.
This was an action of assumpsit, brought against Hooke, as endorser of a bill of exchange. Judgment for the defendant; and an appeal in error to this Court.
On the 16th of August, 1856, the firm of James & Co., (consisting of Jesse J. James and E. A. Miller,) drew a bill of exchange for $2550.60, at sixty days, in favor of the defendant, R. M. Hooke, on the Mechanics’ 'Bank of Augusta, Georgia. Acceptance was waived on the face of the bill, and it was endorsed by Hooke, for the accommodation of the 'drawers, and was discounted by the Branch of the Bank of East Tennessee, at Chattanooga, and the proceeds paid to the drawers.
The bill not being paid at maturity, was duly protested.
James, one of the drawers of the bill, died before *158 its maturity. The Cashier ' of the Branch Bank at Chattanooga was examined as a witness, on the trial, and stated in substance: that, at the request of Miller, the surviving drawer of the bill, and for the purpose of preventing its appearing on the list of protested papers of the Bank that Miller and Hooke were under protest, he agreed to receive another bill, drawn by Miller, and endorsed by Hooke. A bill was drawn, and endorsed, accordingly, and delivered to the Cashier, including the amount of the former bill, with discount and interest added, due at sixty days, and bearing date the day of the protest of the other bill. The Cashier expressly proves, that this latter bill was not made or received in renewal or discharge of the former, but was merely accepted for a time, to save the credit of the parties, as before stated, and that the money, when paid, was to be applied to the original bill. The proof shows that Hooke called at the Bank, and endorsed the latter bill; but there i& no express proof that he had been informed of the arrangement between Miller and the Cashier, in regard to the matter. Shortly after this transaction, the Bank of East Tennessee failed; and the Cashier handed over the original bill, with the other assets of the Branch at Chattanooga, to the assignees of the Bank. And, regarding the new bill as belonging to Miller, he surrendered it up to him, no payment having been made on either bill.
The original bill was afterwards transferred to the East Tennessee and Virginia R. R. Co., for whose use this suit was brought.
Upon the foregoing facts, we think the judgment is erroneous. There is no just foundation for the assump *159 tion upon which the verdict and judgment were based : that the arrangement between the Cashier, and Miller, was such a contract for delay, on the part of the Bank, as operated to discharge the endorser, Hooke.
In the first place, although there is no positive evidence that Hooke had knowledge of, and assented to the arrangement, yet the circumstances are, perhaps, amply sufficient to warrant the inference, that he knew of, and assented to it.
But this consideration aside, the arrangement obviously was an unauthorized one on the part of the Cashier, and of no binding obligation upon the Bank, unless it were made to appear that the Bank either, previously sanctioned, or subsequently ratified it, which does not appear in the record. And furthermore, it was an agreement, unsupported by any consideration which the law would authorize.
The Bank was perfectly at liberty, at any time after this arrangement, to have enforced payment of the first bill, by Hooke, whose liability had been fixed by the dishonor of the paper in due form, as if no such thing had taken place.
Miller was clearly an incompetent witness, by reason of interest in the event of the suit; but this objection seems to .have been waived on the trial. Judgement reversed.